367 S.E.2d 223

**STATE of West Virginia ex rel. Larry ROSE**

v.

**RALEIGH COUNTY BOARD OF EDUCATION.**

No. 17309.

Supreme Court of Appeals of West Virginia.

March 11, 1988.

---

William B. Richardson Sr., William B. Richardson Jr., Parkersburg, for Larry Rose.

K. Bruce Lazenby, Pros. Atty., Beckley, for Raleigh County Bd. of Educ.

**PER CURIAM:**

This case is before the Court upon the appeal of Larry Rose, an aggrieved teacher, from an order entered by the Circuit Court of Raleigh County which denied the appellant a mandamus to compel the appellee, the Raleigh County Board of Education, to post an available teaching position prior to assigning it to another teacher. The appellant contends the trial court erred when it determined that a high school principal could assign a teaching position at a junior high school without first posting the position. We agree and reverse.

This case is identical to *Marion County Board of Education v. Leonard Bonfantino,* 179 W.Va. 202, 366 S.E.2d 650 (1988).

According to the stipulated facts, a ninth grade history teacher at Park Junior High School, Raleigh County, was reassigned to a different high school. The school principal assigned Mrs. Black, a seventh grade geography teacher at Park to the ninth grade history position. The position vacated by Mrs. Black was posted; however, the ninth grade history position was never posted. Larry Rose, the appellant, is the eighth grade social studies teacher who applied for the ninth grade history position, which the principal assigned to Mrs. Black, without previously posting the position.

Appellant Rose has proper certification, a master's degree, and more seniority than Mrs. Black.

After exhausting his administrative remedies pursuant to the grievance procedure provided in *W.Va.Code,* 18–29–1, *et seq.* [1985], the appellant sought a mandamus * to compel the Raleigh County Board of

---

* *W.Va.Code,* 18A–4–8b(b) [1983] states, in pertinent part:

Any board failing to comply with the provisions of this article may be compelled to do so by mandamus and shall be liable to any party prevailing against the board for court costs and his reasonable attorney fee, as determined and established by the court. Further, employees denied promotion or employment in violation of this section shall be awarded the job, pay and any applicable benefits retroactively to the date of the violation and payable entirely from local funds. Further, the board shall be liable to any party prevailing against the board for any court reporter costs including copies of transcripts.

Education to comply with *W.Va.Code,* 18A–4–8b(a) [1983], which requires:

A county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications. If the applicant with the most seniority is not selected for the position a written statement of reasons shall be given to the applicant with the most seniority with suggestions for improving the applicant's qualifications.

The Board contended that the principal has the authority to make such in-house substitutions by virtue of *W.Va.Code,* 18A–2–9 [1981] which states, in pertinent part, that "the principal shall assume administrative and instructional supervisory responsibility for the planning, management, operation and evaluation of the total educational program ..."

■ The same argument for applying the broad language of *W.Va.Code,* 18A–2–9, as opposed to the exacting language of *W.Va.Code,* 18A–4–8b(a), was raised and rejected in *Marion County Board of Education v. Bonfantino,* 179 W.Va. 202, 366 S.E.2d 650 (W.Va.1987), where this Court found *W.Va.Code,* 18A–4–8b(a) to be "plain and unambiguous."

In syllabus point 1 of *Bonfantino, supra,* as in this case, we found:

Where a vacancy occurs in a teaching position at a public school, the county board of education must post a notice of such vacancy pursuant to W.Va.Code, 18A–4–8b(a), and the principal of the school in which the vacancy occurs is without authority to assign another teacher to the vacancy.

■ The appellant also seeks from the appellee reasonable attorney's fees as a result of the need to file this mandamus action. We agree. *See Dillon v. Board of Education of Wyoming Co.,* 177 W.Va. 145, 351 S.E.2d 58 (1986); *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982); *W.Va.Code,* 18A–4–8b(b) [1983].

We therefore reverse and remand to the Circuit Court of Raleigh County with directions to issue a writ of mandamus to compel the Raleigh County Board of Education to post the position of ninth grade history teacher at Park Junior High School and assess all reasonable attorney's fees expended by the appellant to file this mandamus action against the appellee.

Reversed and remanded.