378 S.E.2d 656

The **BOARD OF EDUCATION OF the COUNTY OF HARRISON**

v.

**Alice DeFAZIO.**

No. 18238.

Supreme Court of Appeals
of West Virginia.

March 9, 1989.

William B. McGinley, WV Ed. Assoc., Charleston, Kathleen Abate, Cohen, Abate, & Cohen, Fairmont, for Alice Defazio.

David J. Romano, W. Bradford Mann, Clarksburg, for appellees.

PER CURIAM:

█ During the closing of two elementary schools, the Harrison County Board of Education, without posting notice of vacan-

cies, assigned several teachers from the closed schools to additional positions created at schools serving the reassigned pupils. Alice DeFazio, a tenured teacher employed by the Board, was interested in one of the additional positions but was unable to apply because the vacancies were not posted. The circuit court upheld the Board's determination that the additional positions were transferred from the closed schools and therefore, were exempt from the posting requirements of *W.Va.Code*, 18A–4–8b(a) [1988]. On appeal, we conclude that the posting requirements of *W.Va.Code*, 18A–4–8b(a) [1988] are mandatory for these teaching vacancies and reverse the judgment of the circuit court.

The basic facts are not in dispute. The Harrison County Board of Education closed two elementary schools and reassigned the pupils to two other elementary schools for the 1986–87 school year. As a result of the reassignment, the schools receiving the reassigned pupils, Wilsonburg and Adamston Elementary Schools, needed five additional teachers. Without posting notice of vacancies, five teachers, the most senior of those formerly assigned to the closed schools, were reassigned to Wilsonburg and Adamston schools.[1]

Alice DeFazio, a tenured teacher employed by the Harrison County Board of Education, is currently assigned to the West Milford Elementary School. Ms. De-Fazio, a kindergarten teacher with ten years experience in the county, had more experience than at least one of the reassigned teachers. Ms. DeFazio wished to apply for the kindergarten position at Wilsonburg school but could not apply because the position was not posted.

On July 14, 1986, Ms. DeFazio filed a grievance pursuant to *W.Va.Code*, 18–29–1

1. The appellant also presented information that the most senior teachers from the closed schools were not transferred. Two teachers, both certified in kindergarten and with more seniority than the teacher transferred to the Wilsonburg kindergarten position, were not transferred. Because we are requiring that the Board post the vacancies and follow the require-

ments of *W.Va.Code*, 18A–4–8b(a) [1988], we need not discuss the Board's determination of teacher seniority. For a recent discussion of seniority see, *Dillon v. Bd. of Educ. of Wyoming County*, 177 W.Va. 145, 351 S.E.2d 58 (1986); *State ex rel. Oser v. Haskins*, 179 W.Va. 789, 374 S.E.2d 184 (1988).

*et seq.* [1985].[2] The hearing examiner for the Board ruled against Ms. DeFazio and the Board upheld the decision. Ms. DeFazio appealed the Board's decision to the W.Va. Education Employees' Grievance Board, which on August 27, 1986 ruled that these positions were subject to the mandatory posting provision of *W.Va.Code*, 18A–4–8b(a) [1988]. The Board appealed to the Circuit Court of Harrison County, which by order dated May 15, 1987, reversed the decision of the W.Va. Education Employees' Grievance Board. The circuit court ruled that the additional positions at Wilsonburg and Adamston schools were transferred from the closed schools and thus "cannot be considered 'openings in established, existing, or newly created positions.' "

█ On appeal, we conclude that teaching vacancies, created by the influx of additional pupils caused by the closing of schools, are subject to the posting requirements of *W.Va.Code*, 18A–4–8b(a) [1988].

*W.Va.Code*, 18A–4–8b(a) [1988] states in pertinent part:

Boards shall be required to post and date notices of all openings in established, existing or newly created positions in conspicuous working places for all professional personnel to observe for at least five working days. The notice of such position openings shall include the job description. No vacancy shall be filled until after the five-day minimum posting period: Provided, That no vacancy which occurs after the beginning of the semester instructional term shall be required to be posted until the sixtieth day of the semester at which time all job openings shall be posted with the successful applicant assuming the position at the beginning of the next semester.

Recently we examined the posting requirements of *W.Va.Code*, 18A–4–8b(a) [1988] and concluded that the legislative intent was to further "the strong public policy favoring the hiring and advancement of teachers based on their abilities." *Dillon v. Bd. of Educ. of Wyoming County,* 177 W.Va. 145, 148, 351 S.E.2d 58, 61 (1986), *quoted in Marion County Bd. of Educ. v. Bonfantino,* 179 W.Va. 202, 205, 366 S.E.2d 650, 653 (1988). The posting requirement of *W.Va.Code*, 18A–4–8b(a) [1988] is clearly mandatory and must be read broadly to effectuate the legislative intent. *Bonfantino, supra* 179 W.Va. at 204, 366 S.E.2d at 652.[3]

█ In the Syllabus of *State ex rel. Rose v. Raleigh County Bd. of Educ.,* 179 W.Va. 275, 367 S.E.2d 223 (1988), we stated:

"Where a vacancy occurs in a teaching position at a public school, the county board of education must post a notice of such vacancy pursuant to W.Va.Code, 18A–4–8b(a), and the principal of the school in which the vacancy occurs is without authority to assign another teacher to the vacancy." Syl. Pt. 1, *Marion County Bd. of Educ. v. Bonfantino,* [179 W.Va. 202, 366 S.E.2d 650] (W.Va. 1987).

Notwithstanding any other provision of the code to the contrary, where the total number of classroom teaching positions in an elementary school remains the same from one school year to the next, but there exists in that school a need to increase the number of teachers in one or more grade levels, kindergarten through six, and there exists a need to decrease the number of teachers in one or more other grade levels, kindergarten through six, a teacher in the school and assigned to a grade level to be decreased, may be reassigned to a grade level to be increased for which the teacher is certified without that position being posted, provided that the employee and the county board of education mutually agree to the reassignment.

---

**2.** *W.Va.Code,* 18–29–1, *et seq.* [1985], provides a multi-level grievance procedure for public school teachers. A limited right of judicial review is available to either party under *W.Va. Code,* 18–29–7 [1985].

**3.** We noted that *W.Va.Code,* 18A–4–8b(a) [1988] was amended to except from the posting requirements certain reassignments made within an elementary school. This exception to the broad requirements of posting does not influence our decision in this case because (1) the present case arose before the adoption of the amendment and (2) the exception is limited to certain reassignments within one elementary school and clearly does not extend to the transfer of positions from a closed school. The following paragraph was added to *W.Va.Code,* 18A–4–8b(a) in 1988:

We cannot accept the Board's arguments that these positions caused by the influx of pupils from closed schools are transferred positions from the closed schools. The record indicates that all the positions in the closed schools were terminated and all professional employees were placed upon the transfer list. Thereafter certain teachers from the closed schools received notice that at a Board meeting held on April 15, 1986, they, the individual teachers, were "transferred" and "assigned" to teaching positions at Wilsonburg and Adamston schools. The Board considered that familiar teachers would ease the pupils' reassignment trauma and would be knowledgeable about the pupils' educational and social backgrounds. While these objectives are commendable, they do not warrant replacing the strong public policy of securing the most qualified person for the position.

Accordingly, the judgment of the Circuit Court of Harrison County is reversed, and the case is remanded with directions to enter an order consistent with this opinion and to award court costs and attorneys' fees in accordance with the provisions of *W.Va.Code*, 18A–4–8b(a) [1988].[4]

Reversed.

---

**4.** *W.Va.Code*, 18A–4–8b(a) [1988], in material part, provides: "Any board failing to comply with the provisions of this article may be compelled to do so by mandamus and shall be liable to any party prevailing against the board for court costs and his reasonable attorney fee, as determined and established by the court."