406 S.E.2d 744

**Phyllis PARKER, Plaintiff Below, Appellee,**

v.

**SUMMERS COUNTY BOARD OF EDUCATION, Defendant Below, Appellant.**

**No. 19798.**

Supreme Court of Appeals of West Virginia.

Submitted May 15, 1991.

Decided June 28, 1991.

David L. Ziegler, Ziegler & Gunnoe, Hinton, for appellant.

George A. Mills, III, Huntington, for appellee.

## PER CURIAM:

The Summers County Board of Education (hereinafter Board) appeals an order of the Circuit Court of Kanawha County which reversed the decision of the hearing examiner and granted the appellee, Phyllis Parker, sixty days sick leave for the period of time she worked as a secretary for the Adult Basic Education (hereinafter ABE) Program. The Board contends that the appellee had no employee-employer relationship with the Board during the years she worked with the ABE Program, and that she is not entitled to the sixty days sick leave. Based on the record before us, we conclude that the decision of the circuit court should be reversed.

In the mid–1960's, the State of West Virginia Department of Education obtained federal funding to create a four-county vocational education program.[1] The appellee was employed in August of 1965 as secretary for the four-county ABE Program, the central office of which was located in the Lincoln school in Summers County.

The appellee worked as the secretary for the ABE Program for approximately nine years, until she was appointed to serve as secretary to the Summers County Career Center, effective July 1, 1974. Upon her appointment by the Board as secretary at the Career Center, the appellee was credited with the statutorily-mandated eighteen days personal leave for "accident, sickness,

death in the immediate family, or other cause authorized or approved by the board" as provided in *W. Va. Code*, 18A–4–10 [1988] (hereinafter referred to as sick leave).

In September of 1988, the appellee's supervisor at the Summers County Career Center, Gene Davis, who had also been the appellee's supervisor for approximately eight years at the ABE Program, advised her that he had been credited with sixty days sick leave once he received his appointment to the Summers County Career Center. Following her conversation with Mr. Davis, the appellee reviewed the Board's payroll records and found that she had not received the same sixty days sick leave credit. Upon finding that she had not been credited with any sick days from 1965 to 1974, the appellee discussed the issue with Billy Joe Kessler, the Board's treasurer and business manager, who advised her that he had no authority to grant her the sick leave.

The appellee subsequently appeared before the Board on October 13, 1988, to request that she be granted the sixty days sick leave, and the Board requested that she return with documentation. On October 27, 1988, the appellee again appeared before the Board which voted on that date to grant her request. However, at a Board meeting held on November 10, 1988, Mr. Kessler presented documentation to the Board regarding the appellee's employment with the ABE Program. The Board then voted to rescind the award of sixty days sick leave with the stipulation that the appellee be provided an opportunity to present further evidence on the issue. Following that meeting, however, three Board members were removed from office.[2]

The appellee subsequently appeared before the new Board which voted to award

---

1. The four counties to be served by the vocational programs were Mercer, Monroe, Greenbrier and Summers.

2. The hearing examiner noted in his decision that the three board members had been removed as a result of this Court's ruling in *Summers County Citizens League, Inc. v. Tassos,* 179 W.Va. 261, 367 S.E.2d 209 (1988). The hearing

examiner also pointed out that the appellee's husband had been one of the plaintiffs in that action and that his involvement in that case lead her to believe that the administration was engaging in harassment. The hearing examiner found, however, that there was no evidence submitted to support her allegation of harassment and the hearing examiner did not address the issue any further.

her the sixty days sick leave. The appellee was later advised, however, in a telephone conversation with the Board president, John Lilly, that he had mistakenly believed that he was voting to allow her a sixty-day extension to provide further evidence rather than voting to grant her the sixty days sick leave, and that he intended to change his vote at the next Board meeting. The Board then rescinded its decision to grant her the sixty days sick leave at the next Board meeting, and the appellee initiated grievance procedures.

The appellee participated in a Level I informal meeting with her supervisor, Mr. Davis. A Level II grievance hearing was then held on January 20, 1989, and a decision adverse to the appellee was issued. The Level III grievance procedure was waived, and two Level IV grievance hearings were held before a hearing examiner on March 23, 1989, and on May 21, 1989. The hearing examiner entered an order dated August 18, 1989, determining that the appellee did not have an employee-employer relationship with the Board during the years she worked with the ABE program, and that the Board did not have authority, under *W.Va.Code*, 18A–4–10 [1988] which relates to sick leave for full-time Board employees, to grant an employee sick leave for years in which it had no contractual relationship with the employee. The appellee appealed the hearing examiner's decision to the Circuit Court of Kanawha County, and by order dated December 29, 1989, the circuit court reversed the hearing examiner's decision. This case is now before this Court upon the appeal of that order.

I

■ The first issue we shall address is whether the circuit court substituted its findings of fact for those of the hearing examiner and failed to follow the standard of review set forth in *W.Va.Code*, 18–29–7

[1985]. The appellant argues that the Board was not the appellee's employer, but was merely acting as a fiscal agent for the state ABE program which served four counties. The appellant further contends that the appellee had no employment contract with the Board until she was hired as secretary for the Summers County Career Center in 1974. The appellee maintains that she was an employee of the Board during her employment as the secretary of the ABE program. The appellee also asserts that, even if she had no contractual right to the sick leave during her employment with the ABE program, once the Board awarded her the sixty days sick leave it could not be revoked by the Board without due process of law.

The evidence presented to the hearing examiner at the Level IV grievance hearing revealed that the ABE program by which the appellee was employed from August of 1965 until 1974, was a four-county federally funded adult education program. The evidence indicated that the headquarters of the ABE program were established in Summers County because the director of the four-county program resided there. The Board in Summers County, therefore, acted as a fiscal agent for the ABE program on behalf of the division of vocational education of the state board of education.

The evidence adduced at the hearing also indicated that the Board paid the salaries of the employees of the ABE program and then was reimbursed once those employees submitted affidavits to the division of vocational education of the state board of education.[3] There was also evidence that the funds for the ABE program were maintained in separate accounts which were inaccessible to the Board except to pay ABE salaries or expenses.

Furthermore, the evidence revealed that during the appellant's tenure with the ABE program, she did not have a contract of

---

**3.** Under *W.Va.Code*, 18–2B–3 [1960], a fund was established known as "the area vocational education program fund." The state and federal funds appropriated for the vocational programs were expended by the director of vocational education for "salaries, teachers' retirement contributions, and necessary travelling expenses

of teachers, and other necessary employees, including, but not limited to, vocational guidance counselors; to purchase, rental, maintenance and repair of instructional equipment, buildings and supplies, and for the necessary costs of transportation of certified students." *W.Va. Code*, 18–2B–4 [1960].

employment with the Board. It was not until she was employed as secretary of the Summers County Career Center that the appellee entered into a contract with the Board.[4] The evidence also indicated that the appellee was not credited with sick leave until she began working at the Summers County Career Center in 1974.

Moreover, at the Level IV hearing, Billy Joe Kessler, business manager and treasurer for the Board, submitted copies of the permanent payroll ledgers for 1965–66 and the four years that followed. Although the ledgers provided specific columns for sick leave, none of the payroll ledgers for that period of time designated what sick leave the employees either used or accrued. Mr. Kessler testified that in 1970, Summers County adopted a sick-leave policy. Mr. Kessler further testified that one month after the sick-leave policy was adopted by the Board, no sick leave was given to employees of the ABE program, including the supervisor, Mr. Davis, during that year.[5] Mr. Kessler also pointed out in his testimony that several extensive audits were performed by the office of the state tax commissioner during the years in question and that the auditor would have pointed out that the Board was obligated to credit ABE employees with sick leave if such policy existed.

The circuit court's scope of review of a hearing examiner's decision in a grievance case is limited to the five grounds enumerated in *W.Va.Code*, 18–29–7 [1985]:

The decision of the hearing examiner shall be final upon the parties and shall be enforceable in circuit court: Provided, That either party may appeal to the circuit court of the county in which the grievance occurred on the grounds that the hearing examiner's decision (1) was

contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Such appeal shall be filed in the circuit court of Kanawha County or in the circuit court of the county in which the grievance occurred within thirty days of receipt of the hearing examiner's decision.[6]

■ Furthermore, based on our traditional rule that evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong, we concluded in syllabus point 1 of *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989): "A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact should not be reversed unless clearly wrong."

Under the pertinent provisions of *W.Va. Code*, 18A–4–10 [1988], "at the beginning of the *employment term*, any full-time employee of a county board of education shall be entitled annually to at least one and one-half days personal leave for each employment month or major fraction thereof in *the employee's employment term*." (emphasis added). Based on the language of this provision, the hearing examiner found that a person is only entitled to sick leave with a county board of education through a contractual relationship with that Board,

---

**4.** As recognized by the hearing examiner, the appellant's employment with the Summers County Career Center was characterized in the Board's meeting minutes as an original appointment rather than as a transfer.

**5.** The appellee's supervisor, Mr. Davis, testified that he and the appellee did not document sick leave but that they merely turned in time sheets which reflected only that time when they actually worked.

**6.** We observed in *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 291, 387 S.E.2d 524, 526–27 (1989) and in *Sexton v. Marshall University*, 182 W.Va. 294, 296, 387 S.E.2d 529, 531 (1989) that the limited right of judicial review pursuant to *W.Va.Code*, 18–29–7 is similar to the standard of judicial review of an administrative decision under the administrative procedure act, *W.Va.Code*, 29A–5–4(g) [1964].

and that a Board has no authority to grant a person sick leave for years in which no contractual relationship existed between them. The hearing examiner concluded that the Board was not authorized by law to grant the appellee sick leave for that period during which she worked for the ABE program, and that its unlawful promises in that respect were nonbinding under *Freeman v. Poling*, 175 W.Va. 814, 338 S.E.2d 415 (1985).

■ In *Freeman*, we recognized that unlawful or *ultra vires* promises are nonbinding when made by public officials, their predecessors or subordinates, when functioning in their governmental capacity. *Id.*, 175 W.Va. at 819, 338 S.E.2d at 420 (citations omitted). We also observed in our discussion in *Freeman* that unlawful or *ultra vires* representations by public officials, their predecessors, or subordinates usually do not give rise to a due process property interest. *Id.*, 175 W.Va. at 817–22, 338 S.E.2d at 418–22.[7]

■ Clearly, the evidence in the record supports both the hearing examiner's findings that the appellee and Mr. Davis were not employees of the Board during the time they worked for the ABE program and his conclusion that neither the appellee nor Mr. Davis was entitled to the sixty days sick leave for that period of employment.[8] It, therefore, appears from the record that the circuit court substituted its findings for those of the hearing examiner and failed to follow the standard of review set forth in *W.Va.Code*, 18–29–7 [1985]. Thus, the order of the circuit court is reversed, and the decision of the hearing examiner is affirmed.

## II

■ The circuit court granted the appellee $1,000 in attorney's fees and $26.25 in costs. The Board has raised the issue on appeal that the time spent by the appellee's attorney in preparing for and prosecuting this case should be itemized. We believe, however, that the overriding issue here is whether the appellee is entitled to an award of attorney's fees under *W.Va.Code*, 18A–2–11 [1985] since she has not prevailed on appeal. *W.Va.Code*, 18A–2–11 [1985] provides, in relevant part:

If an employee shall appeal to a circuit court an adverse decision of either a county board of education or of a hearing examiner rendered in a grievance or other proceeding pursuant to provisions of chapters eighteen and eighteen-a [§§ 18–1–1 et seq. and 18A–1–1 et seq.] of this code and such person shall substantially prevail, the adverse party or parties shall be liable to such employee, upon final judgment or order, for court costs, and for reasonable attorney's fees, to be set by the court, for representing such employee in all administrative hearings and before the circuit court and the supreme court of appeals, and shall be further liable to such employee for any court reporter's costs incurred during any such administrative hearings or court proceedings: Provided, That in no event shall such attorney's fees be awarded in excess of a total of one thousand dollars for the administrative hearings and circuit court proceedings nor an

**7.** In the present case, the appellee had no right to any sick leave from the Board during her tenure with the ABE program and, in fact, never claimed such right throughout her employment with that program. Thus, her reliance on the sixty days sick leave to which she had no claim did not give rise to a due process property interest.

**8.** The unauthorized action of the superintendent in granting Mr. Davis sixty days leave does not bind the county board. *See Freeman v. Poling, supra.* Mr. Davis gave the following testimony when questioned as to how he received the sixty days of sick leave:

Parmer: Now, when .. I understand from your testimony you were credited with sixty days of sick leave pursuant to a conversation that you had with Mr. Cooper and Mr. Cooper took care of giving you the sixty days.

Davis: That's correct.

Parmer: And he said that he had checked with Mr. Taylor.

Davis: Dan Taylor, who was State superintendent at the time.

Parmer: And the next year sixty days showed up on your record.

Davis: That's correct.

Mr. Davis did not appear before the Board nor did he ever request that the Board grant him the sixty days sick leave.

additional one thousand dollars for supreme court proceedings[.]

Although *W. Va. Code*, 18A–2–11 [1985] is not a model of clarity, there is language in the statute which specifically provides that if the employee substantially prevails then the adverse party is liable for court costs and attorney's fees "upon final judgment or order." In the case before us, the appellee prevailed at the circuit court level. However, on appeal, we are reversing the circuit court's order and affirming the hearing examiner's decision in favor of the Board. Thus, since the appellee has not prevailed on any issue upon final judgment of this Court, we believe that she is not entitled to an award of attorney's fees under *W. Va. Code*, 18A–2–11 [1985].

For the reasons set forth herein, we conclude that the order of the Circuit Court of Kanawha County shall be reversed, and the decision of the hearing examiner be affirmed.

Reversed.