465 S.E.2d 618

**Julia QUINTRELL, Plaintiff Below, Appellant,**

**v.**

**LINCOLN COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.**

**No. 22796.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1995.

Decided Nov. 17, 1995.

John Everett Roush, Kimberly A. Levy, Charleston, for Appellant.

Basil R. Legg, Jr., Law Offices of David J. Romano, Clarksburg, for Appellee.

PER CURIAM:

The appellant in this proceeding, Julia Quintrell, a school bus driver, filed a grievance claiming that the Board of Education of Lincoln County failed to post properly a notice of a bus-driver vacancy. Ultimately, the West Virginia Education and State Employees Grievance Board rejected the appellant's grievance and the appellant appealed to the Circuit Court of Kanawha County. The circuit court affirmed the Grievance Board's decision, and in the present appeal the appellant claims that the posting violated W.Va. Code, 18A–4–8b, and that the circuit court's ruling was erroneous.[1] After reviewing the questions presented and the record filed, this Court disagrees. The judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

In August, 1991, the Lincoln County Board of Education undertook to fill a school bus driver vacancy which had developed in its system. To fill this vacancy, it prepared a position vacancy notice, which was disseminated in a bulletin designated Vacancy Bulletin No. 92–06. This bulletin, which also contained another driver position vacancy notice, was posted at the Board of Education's Central Office and was sent to all schools, all Board of Education members, and the West Virginia School Service Personnel Association. In addition, the bulletin was mailed to the bookkeeping, special education, purchasing, audio-visual, and transportation departments.

There was evidence that ordinarily such a bulletin would have been posted by the transportation department at the department's garage, but for some reason, which no witness in the present proceeding could explain, Vacancy Bulletin No. 92–06 was not posted at the garage.

The appellant claims that because she did not see the vacancy notice, she did not apply for the vacancy. It appears that seven individuals did become aware of the bulletin, and two applied for the vacancy at issue in this case, and five applied for the other driver vacancy in the bulletin. The Board subsequently filled the vacancy in this case by employing one Gerald Huffman, a bus driver for the Lincoln County school system who had less seniority than the appellant.

The appellant then filed a grievance based on the claim that there had been a failure to comply with the posting provisions of W.Va. Code, 18A–4–8b. At every level, the grievance was denied, with the hearing examiner at Level IV stating that there was undisputed evidence as to the numerous postings of the position vacancy notice, including some areas where the appellant had work duties. The examiner went on to state that posting was not required at every work station. The Circuit Court of Kanawha County affirmed the hearing examiner's decision.

■ In *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), we examined the question of when it was appropriate that a decision of the West Virginia Educational Employees Grievance Board, the predecessor of the Education and State Employees Grievance Board, should be reversed. The Court, in syllabus point 1, said:

A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong.

*See also, Bolyard v. Kanawha County Board of Education,* 194 W.Va. 134, 459 S.E.2d 411 (1995); *Parker v. Summers County Board of Education,* 185 W.Va. 313, 406 S.E.2d 744 (1991).

---

1. The relevant portion of W.Va.Code, 18A–4–8b, states:

Boards shall be required to post and date notices of all job vacancies of established existing or newly created positions in conspicuous working places for all school service employees to observe for at least five working days. The notice of such job vacancies shall include the job description, the period of employment, the amount of pay and any benefits and other information that is helpful to the employees to understand the particulars of the job. After the five day minimum posting period all vacancies shall be filled within twenty working days from the posting date notice of any job vacancies of established existing or newly created positions.

From reading W.Va.Code, 18A–4–8b, it is clear that it requires that vacancy notices of the type involved in the present case be posted in "conspicuous working places" and not in any specified or particular working place. In *Marion County Board of Education v. Bonfantino,* 179 W.Va. 202, 366 S.E.2d 650 (1988), we held that this statutory posting requirement was mandatory and explained the rationale for posting; however, we did not determine the adequacy of the posting:

> It is apparent that the posting requirement was designed to provide the procedural vehicle to effectuate ... the filling of ... positions based on qualifications and seniority. The most reasonable way to insure that the most qualified person is found to fill a position is to post a notice of its availability so that all interested and qualified persons may be apprised of it.

179 W.Va. at 205, 366 S.E.2d at 653. It is clear from this that the purpose of the notice requirement is to insure that notices of vacancies be displayed where interested and qualified persons might readily see them.

There is undisputed evidence that the job vacancy notice in the present case was posted in the Board of Education's Central Office and was sent to all schools, including two schools which the appellant served as a bus operator. It was also posted in a vocational school where the appellant underwent in-service training during the posting period. Moreover, seven other bus operators were adequately apprised of the driver vacancies in Vacancy Bulletin No. 92–06 by the Board of Education's posting. These facts support the conclusion that the notice in the present case was posted in a sufficient number of conspicuous places to meet the statutory requirement.

We decline to hold that because an employee does not receive actual notice of the posting, he or she is able to maintain a grievance for the vacant position. This would be contrary to our conclusion in *Parsons v. Charleston Firefighters Civil Service Commission,* 190 W.Va. 500, 503, 438 S.E.2d 843, 846 (1993), where a firefighter claimed he did not see the notice for taking a competitive examination and missed the test. He sought to be given the test, but we declined to do this, stating:

> We are not cited, nor have we found, any cases mandating that an employee who seeks to take a competitive examination for a promotable position must have actual notice of the notice for the examination.

In view of the evidence in the present case, this Court cannot find that the denial of the appellant's grievance was clearly wrong or that, under the test set forth in syllabus point 1 of *Randolph County Board of Education v. Scalia, supra,* the decision of the circuit court should be reversed.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

ALBRIGHT, J., did not participate in the consideration or decision of this case.

MILLER, Retired J., sitting by temporary assignment.